IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEE EAKINS, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV-03-H-33-S |
| JEFFERSON COUNTY BOARD OF HEALTH; and DR. MICHAEL FLEENOR, | ) ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION**

The court has before it the January 27, 2003 motion of defendants Jefferson County Board of Health ("Health Department") and Michael Fleenor for summary judgment. Pursuant to the court's February 4, 2003 order, the motion was deemed submitted, without oral argument, on March 4, 2003.

Plaintiff Lee Eakins commenced this action on January 7, 2003 by filing a complaint in this court alleging violations of Title VII, 42 U.S.C. 2000(e) <u>et seq.</u>, and 42 U.S.C. § 1983. Plaintiff contended that defendants' alleged conduct constitutes discrimination on the basis of sex. Defendants' January 27, 2003 motion to dismiss[1] asserts that plaintiff has failed to establish a prima facie case for any of plaintiff's remaining claims.

---

[1] Pursuant to the court's February 4, 2003 order, the court treats defendants' motion to dismiss as a motion for summary judgment. This order also dismissed all Title VII claims against Dr. Fleenor.

Since defendants attached the affidavit of Randy Manzella to their motion, the order entered February 4, 2003 treated the motion as one for summary judgment, setting deadlines for submission of evidence and briefs.  The same day, February 4, 2003, plaintiff apparently mailed an amended complaint to counsel for defendants (see the certificate of service on the document filed February 24, 2003 (Doc. No. 9)).  Even though the amended complaint was not filed with the court until February 24, 2003[2], on February 13, 2003 defendants filed a motion to dismiss the amended complaint.  However, since this amended complaint was not filed by plaintiff until February 24, 2003, leave of the court was necessary as defendants' summary judgment motion was pending. Plaintiff had no leave of court to file the amended complaint and it is STRIKEN.  Plaintiff also filed on February 24, 2003 a response in opposition to the pending motion for summary judgment attaching the affidavit of plaintiff.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322

---

[2] The amended complaint as filed is incomplete as it only sets out the jurisdiction of the court, the parties and the certificate of service.

(1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. See id. at 323. Once the moving party has met his burden, Rule 56(e)[3] requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See id. at 324.

As part of the Title VII plaintiff's prima facie case, the plaintiff must show that the employer treated a similarly situated employee more favorably than himself.[4] Coutu v. Martin

---

[3] Rule 56(e) states in pertinent part:
Forms of Affidavits; Further Testimony; Defense Required.  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . .  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
Fed.R.Civ.P. 56(e).

[4] This requirement mirrors the requirement of Section 1983. A plaintiff must allege unequal treatment of similarly situated individuals. See City of Cleburne v. Cleburne Living Ctr., 473

Cty. Bd. of Cty. Comm'rs, 47 F.3d 1068, 1073 (11th Cir. 1995). To make a comparison of the plaintiff's treatment, the plaintiff must show that he and the comparator are similarly situated in all relevant aspects. See Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)(citations omitted)(emphasis added). In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways. See id. Moreover, that adverse decision must be made by the same decision-maker for the comparator to be similarly situated. See Palmer v. Bd. of Regents of Univ. System of Ga., 208 F.3d 969, 973 (11th Cir. 2000). If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present. See Holifield, 115 F.3d at 1562.

    Defendants submitted the affidavit of Randy Manzella, the Deputy Director of Finance and Administration at the Health Department. Mr. Manzella knows the plaintiff and reviewed the complaint. (See Manzella Aff. ¶ 2, Def.'s Ex. 1 to Motion to

---

U.S. 432, 439 (1985)("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike.").

Dismiss, Doc. No. 5.)  Mr. Manzella's position as Deputy Director certainly demonstrates that he should be "competent to testify to the matters stated" in the affidavit, and he represents in the affidavit that he is competent and has the requisite personal knowledge.  See Fed.R.Civ.P. 56(e).  His affidavit states that Ms. Norman, the alleged "similarly situated employee" named in the complaint, is not an employee of the Health Department, plaintiff's employer, but actually a federal employee; her employer is the Center for Disease Control.  (See id. ¶ 3.)  Additionally, the plaintiff and Ms. Norman have different supervisors.  (See id.)  Further, the Health Department, plaintiff's employer, is not responsible for disciplining Ms. Norman.[5]  (See id.)  None of these facts are disputed.

    The only evidence in response to the motion for summary judgment is plaintiff's own four paragraph affidavit.  The first two substantive paragraphs describe the structure of the Health Department and contend that Dr. Michael Fleenor is the "controlling authority" of all employees housed at the Health

---

[5] Although the Health Department is not the actual employer, whether a defendant is an employer for Title VII purposes is based on the economic realities of the situation "viewed in light of the common law principles of agency and the right of the employer to control the employee." Cobb v. Sun Papers, Inc., 673 F.2d 337, 341 (11th Cir. 1982); see also Reynolds v. CSX Transp., Inc., 115 F.3d 860, 869 n. 12 (11th Cir. 1997). Defendants assert, however, by a proper affidavit that the Health Department does not have the power to discipline Ms. Norman. (See Manzella Aff. ¶ 3., Def.'s Ex. 1 to Motion to Dismiss, Doc. No. 5.)

5

Department regardless of their hiring authority. (<u>See</u> Eakin Aff., Ex. 1 to Pl.'s Response to Motion to Dismiss, Doc. No. 8.) There is no evidence from which the court can conclude plaintiff is competent to so testify. The last two paragraphs state that plaintiff and Ms. Norman were both Front Line Supervisors and reported to Ms. Terrie Outlin who in turn reported to Dr. Michael Fleenor. (<u>See</u> <u>id.</u>) Ms. Outlin gave plaintiff and Ms. Norman oral and written direction, had input in their evaluations and assigned them tasks. (<u>See</u> <u>id.</u>) The affidavit concludes by stating that after a poor audit, of which both plaintiff and Ms. Norman shared responsibility, plaintiff was the only one disciplined. (<u>See</u> <u>id.</u>) Again, there is no evidence from which the court can conclude that plaintiff is competent to testify regarding who may have had authority, if any, to discipline Ms. Norman or regarding whether in fact any discipline was or was not imposed.

The Eleventh Circuit has consistently held that conclusory allegations without specific supporting facts have no probative value. See <u>Evers v. General Motors Corp.</u>, 770 F.2d 984, 986 (11th Cir. 1985); <u>Gordon v. Terry</u>, 684 F.2d 736, 744 (11th Cir. 1982), <u>cert. denied</u> 459 U.S. 1203 (1983); <u>Broadway v. City of Montgomery</u>, 530 F.2d 657, 660 (5th Cir. 1976). Moreover, Federal Rule of Civil Procedure 56(e) states that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall

6

set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). The first half of plaintiff's affidavit is not admissible. Plaintiff is not competent to testify as to the structure of the Health Department or as to Ms. Outlin's or Dr. Fleenor's authority over Ms. Norman. The only admissible parts of plaintiff's affidavit are the last two paragraphs, less and except the last sentence. The admissible part of the affidavit does not come close to refuting defendant's contention that the Health Department is not the employer responsible for making the disciplinary decisions. More importantly, plaintiff has not presented evidence otherwise sufficient to establish a prima facie case of (1) disparate treatment Title VII discrimination against the Health Department due to the absence of evidence of a comparator similarly situated in all relevant aspects and (2) a § 1983 claim against the Health Department or against Dr. Michael Fleenor. Therefore, summary judgment is due to be granted in favor of defendants.

7

In summary, the court finds that no material issues of fact remain and that defendants Jefferson County Board of Health and Dr. Michael Fleenor are entitled to judgment as a matter of law as to all remaining claims asserted by plaintiff in the complaint.  A separate order will be entered.

DONE this 7th day of March, 2003

_____
SENIOR UNITED STATES DISTRICT JUDGE